UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARNEY RAY LEWIS,<br><br>            Plaintiff,<br><br>     v.<br><br>NANCY A. BERRYHILL, Acting Commissioner Of Social Security,<br><br>            Defendant. | No.  2:16-cv-01705 AC<br><br><br><br>ORDER |

      Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34, and for Supplemental Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381-1383f.[1]  For the reasons that follow, plaintiff's motion for summary judgment will be granted, and defendant's cross-motion

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability.  42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).  SSI is paid to financially needy disabled persons.  42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1  for summary judgment will be denied. The matter will be remanded to the Commissioner for
2  further proceedings.

3  I. PROCEDURAL BACKGROUND

4  Plaintiff applied for DIB on December 6, 2011 and filed for SSI on that date.
5  Administrative Record ("AR") 16 (Decision).[2] The disability onset date for both was alleged to
6  be November 7, 2011. Id. The applications were disapproved initially and on reconsideration.
7  Id. On June 26, 2014, ALJ Trevor Skarda presided over the hearing on plaintiff's challenge to the
8  disapprovals. AR 39-62 (transcript). Plaintiff, who appeared represented by attorney Shellie
9  Lott, was present and testified at the hearing. See AR 41. Judith L. Najarian, a vocational expert,
10 also testified at the hearing. AR 16.

11 On October 23, 2014, the ALJ issued a decision, finding plaintiff "not disabled" under
12 Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and
13 Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 16-32 (decision),
14 33-38 (exhibit list). On December 12, 2014, after considering a "Statement from Brittany Lewis
15 dated April 26, 2016" and "Contentions from representative dated December 22, 2014" as
16 additional exhibits to be made a part of the administrative record, the Appeals Council denied
17 plaintiff's request for review, leaving the ALJ's decision as the final decision of the
18 Commissioner of Social Security. AR 1-6 (decision and additional exhibit list).

19 Plaintiff filed this action on July 22, 2016. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3).
20 The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 7, 21. The parties'
21 cross-motions for summary judgment, based upon the Administrative Record filed by the
22 Commissioner, have been fully briefed. ECF Nos. 12 (plaintiff's summary judgment motion), 15
23 (Commissioner's summary judgment motion), 18 (plaintiff's reply).

24 II. FACTUAL BACKGROUND

25 Plaintiff was born on October 24, 1965, and accordingly was, at age 46, a "younger"

---

[2] The AR is electronically filed at ECF Nos. 11-3 to 11-12 (AR 1 to AR 701). The paper version is filed with the Clerk of the Court. ECF No. 11.

person ("under age 50") under the regulations, when he filed his applications.[3]  AR 30, 255 (Exh. 1D-2D, DIB application), 258 (Exh. 3D-4D, SSI application).  Plaintiff has at least a high school education, and can communicate in English.  AR 30.

### III.  LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).  "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted). Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).  "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).  However, the court may review only the reasons stated by the

---

[3] See 20 C.F.R. §§ 404.1563(c) ("Younger person"), 416.963(c) (same).

3

ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. SSA, 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI). Plaintiff is "disabled" if he is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, the claimant is not disabled.

Id., §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is disabled.  If not, proceed to step four.

4

1  Id., §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id., §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5.  However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy."  Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. [Step 2] The claimant has the following severe impairments: hypertension, asthma, obesity, history of cerebrovascular accidents, and borderline intellectual functioning (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. [Preparation for Step 4]  After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except said individual may only  occasionally climb ladders, ropes, or scaffolds; fingering with the left extremity is limited to occasional; this individual must avoid concentrated exposure to extreme cold and heat; concentrated exposure to

pulmonary irritants such as fumes, odors, dusts, gases, and poorly ventilated areas; must avoid moderate exposure to operational control of dangerous moving machinery as well as unprotected heights; and the person is limited to simple, routine, and repetitive tasks.

6. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. [Step 5] The claimant was born on October 24, 1965 and was 46 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. [Step 5, continued] The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. [Step 5, continued] Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (See 20 CFR 414.1568 and 416.968).

10. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from November 7, 2011, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

AR 18-31.

The ALJ decided at Step 2 that plaintiff's obstructive sleep apnea diagnosis was "not severe." AR 19. ALJ concluded that plaintiff "not disabled" from the alleged onset date of November 7, 2011 through October 23, 2014, the date of his decision. AR 31-32.

## VI. ANALYSIS

Plaintiff alleges that the ALJ erred in three ways. He (1) "erroneously discounted Mr. Lewis' sleep disorder and the impact of his documented daytime fatigue on his ability to perform sustained employment;" (2) improperly failed to analyze Mr. Lewis' adjustment disorder with depressed mood and failed to discuss the specific finding set forth throughout the San Joaquin Behavioral Health and Channel Medical Center progress notes;" and (3) his "reasoning for rejecting Dr. Chellson's opinion was not supported by substantial evidence." ECF No. 12-1 at 4. The court agrees with plaintiff on the first point and reverses the ALJ's decision, with remand for

further consideration consistent with this order.

### A. The ALJ erred in discounting plaintiff's sleep disorder.

The ALJ erred in his analysis of plaintiff's obstructive sleep apnea ("OSA") by failing to assess the condition's functional impact. Although the ALJ acknowledges that he is to consider both severe and non-severe impairments when moving past Step 2 in his analysis, his only real discussion of OSA is at Step 2, in which he classifies the claim as non-severe. AR 17-19, 22. The severity analysis in Step 2 allows the ALJ to identify "at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account" and dispose of these claims with de minimis analysis. Bowen v. Yuckert, 482 U.S. 137, 153 (1987). "An impairment or combination of impairments is found 'not severe' and a finding of 'not disabled' is made at this step when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered (i.e., the person's impairment(s) has no more than a minimal effect on his or her physical or mental ability(ies) to perform basic work activities)." Titles II & Xvi: Med. Impairments That Are Not Severe, SSR 85-28 (S.S.A. 1985).

The ALJ's cursory rejection of plaintiff's OSA diagnosis, and subsequent lack of analysis of functional limitations resulting from OSA, is not supported by the weight of the medical record. In finding plaintiff's sleep apnea not severe, the ALJ gave the diagnosis a very limited overview, despite noting that "the records reflect that the claimant has been diagnosed with obstructive sleep apnea syndrome and was observed during his appointments to dose off at times." AR 18. In finding the OSA diagnosis non-severe at Step 2, the ALJ states that the record does not reflect plaintiff has received treatment, and has instead only been told to lose weight, diet, and exercise. Id. The ALJ additionally relies on plaintiff's wife's lay person testimony that his drowsiness is a side effect of medications, despite finding her overall testimony "not fully credible" a few paragraphs later. Id. at 18, 26.

In making his cursory assessment of plaintiff's sleep OSA, the ALJ fails to acknowledge a

7

plethora of evidence in the record that Mr. Lewis had OSA, that his treatment opinions were complicated by the fact that he lived in a homeless shelter, that he lacked resources to secure complete testing, and that he was falling asleep during appointments. See, e.g., AR 290 (Disability Report in which the interviewer notes plaintiff "fell asleep twice during the interview when there was a pause in conversation."), 401, 403, 445-47, 489, 491, 542, 601, 614, 654, 688, 693. While the ALJ references lack of treatment as reason to find plaintiff's OSA non-severe, the medical records specifically note that plaintiff "[does] not use a BiPAP machine as he lives in a homeless shelter." AR 447. Further, the record is replete with references to plaintiff's difficulties in obtaining insurance, and the law is clear that failure to obtain treatment due to lack of insurance or funds cannot be construed as noncompliance or failure to seek treatment. Orn v. Astrue, 495 F.3d 625, 638 (9th Cir. 2007). Thus, plaintiff's lack of appropriate treatment cannot fairly be taken evidence that plaintiff's condition is not severe.[4]

      The ALJ also fails to properly account for the numerous occasions on which examiners noted plaintiff falling asleep during examinations or interviews. See, e.g., AR 489 ("fell asleep during visit."). Though the medical notes that reference such incidents do not name a cause for plaintiff falling asleep during appointments, the ALJ summarily discredits these encounters by referencing plaintiff's wife's testimony that his daytime drowsiness is caused by medication. AR 18. This is problematic for two reasons: (1) plaintiff's wife is not competent to provide a medical cause of symptoms, and (2) the ALJ otherwise finds plaintiff's wife not a fully credible witness. AR 26. The ALJ's insufficient reasoning for disconnecting plaintiff's daytime drowsiness from plaintiff's OSA diagnosis, and failure to sufficiently analyze this symptom, is unsupportable.

      Defendant claims that, because the ALJ proceeded past Step 2 and recognized in his order

---

[4] Plaintiff further argues this court should consider a new sleep study that corroborated plaintiff's OSA diagnosis. ECF No. 12-1 at 17. Plaintiff argues that, although the sleep study was completed after the ALJ's opinion was issued, it should be considered because it relates to the period on or before the ALJ's decision. Id. However, the Appeals Counsel apparently did not consider the new sleep study. AR 5. This court only has authority to take as part of the record exhibits that were actually considered by the Appeals Counsel. Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1162 (9th Cir. 2012). This study is properly not part of the administrative record. It should be considered on remand.

that he must consider all impairments "including impairments that are not severe" in making his RFC finding, plaintiff's OSA was adequately considered. ECF No. 20. This argument does not hold up against the actual language of the order. The ALJ does not reference OSA or plaintiff's associated symptoms outside of his cursory analysis of the disorder at Step 2. AR 18-19. The ALJ's analysis and conclusions with respect to OSA and any potential functional limitations associated with OSA is not sufficient, and is not supported by the substantial evidence in the record. The ALJ's error on this point requires remand.

### B. The ALJ adequately addressed plaintiff's alleged adjustment disorder.

The ALJ adequately considered plaintiff's adjustment disorder. Plaintiff asserts that the ALJ failed or forgot to weigh the evidence related to plaintiff's diagnosed adjustment disorder, as distinct from plaintiff's borderline intellectual functioning diagnosis. ECF No. 18 at 6. This is simply not borne out by the ALJ's opinion, in which the ALJ does specifically weigh the evidence related to plaintiff's diagnosis of a mood disorder and other mental health issues, distinct from plaintiff's borderline intellectual functioning. AR 19 ¶ 5 -20 ¶ 3. Further, plaintiff does not identify any functional limitation attributable to the adjustment disorder diagnosis that was not adequately accounted for in the RFC finding. Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005). The ALJ's opinion is supported by substantial evidence on this point.

### C. The ALJ provided adequate reasoning for discounting Dr. Chellsen's opinion.

The ALJ provided adequate support for his decision to give partial weight to the opinion of Dr. Chellsen by comparing Dr. Chellsen's opinion to the weight of the record. "The general rule is that conflicts in the evidence are to be resolved by the Secretary and that his determination must be upheld when the evidence is susceptible to one or more rational interpretations." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). However, when the ALJ resolves conflicts by rejecting the opinion of an examining physician in favor of the conflicting opinion of another physician (including another examining physician), he must give "specific and legitimate reasons" for doing so:

> Even if contradicted by another doctor, the opinion of an examining doctor can be rejected only for specific and legitimate reasons that are supported by substantial evidence in the record.

9

Regennitter v. Comm'r of Soc. Sec. Admin., 166 F.3d 1294, 1298-99 (9th Cir. 1999) (ALJ erred in the manner of rejecting the opinion of one examining psychologist in favor of another examining psychologist).

Here, the ALJ provided adequate, specific reasons for assigning Dr. Chellsen's opinion partial weight, including that Dr. Chellsen did not have access to the full record, and that evidence available at the hearing level conflicted with Dr. Chellsen's opinion with respect to plaintiff's restrictions related to concentration, persistence, and pace. AR 29. The ALJ compared Dr. Chellsen's opinion to the record as a whole. AR 28-29. The ALJ also noted internal inconsistencies, such as the conflict between Dr. Chellsen's opinion of claimant's limitations with Dr. Chellsen's finding that plaintiff was a good historian and interacted well with providers. AR 29. The ALJ's opinion is adequately supported on this point.

### B. Remand for Benefits or for Further Proceedings

As discussed above, the ALJ's classification of plaintiff's OSA diagnosis as non-severe and his subsequent, related failure to properly analyze the impact of plaintiff's OSA is not supported by the administrative record. Accordingly, the court is authorized "to 'revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.'" Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014). "[W]here the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).

> More specifically, the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Benecke, 379 F.3d at 593 (citing Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000), cert. denied, 531 U.S. 1038 (2000)).

////

1. Outstanding issues

Under the second step in the remand analysis, the court must "review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and 'all essential factual issues have been resolved.'" Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2016) (quoting Treichler, 775 F.3d at 1101). This step is not satisfied here.

This is a case where the ALJ failed to sufficiently address and analyze a disability, and provided insufficient reasoning for providing a cursory overview of the disability. Here, the ALJ failed to adequately acknowledge and provide proper analysis for plaintiff's OSA diagnosis and is potential accompanying functional limitations. It is up to the ALJ, in the first instance, to properly consider this condition. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) ("the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court").

2. Discretion

Even if all the steps set out in Benecke and Harman had been satisfied, this court would still need to exercise its discretion in determining whether to remand for further proceedings, or for the immediate calculation and award of benefits. Dominguez, 808 F.3d at 407 (if disability finding would necessarily follow if discredited evidence were credited as true, "the district court may exercise its discretion to remand the case for an award of benefits"). If, despite satisfying the above steps, the "record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act," the court should remand for further proceedings. Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014) (quoting Garrison v. Colvin, 759 F.3d 995, 1021 (9th Cir. 2014)). However, the court would be "abus[ing] its discretion by remanding for further proceedings where the credit-as-true rule is satisfied and the record afforded no reason to believe that [the plaintiff] is not, in fact, disabled." Garrison, 759 F.3d at 1021.

As a preliminary matter, the plaintiff in this case does not request remand for an immediate payment of benefits – instead he requests only that the case be remanded so that the ALJ can properly analyze his OSA diagnosis. ECF No. 18 at 6. The court finds this to be the

appropriate remedy. The record is not clear that plaintiff is disabled within the meaning of the Act. The ALJ's current analysis of OSA is so cursory and improperly limited that it fails to address any potential inconsistencies in the record. AR 18-19. Accordingly, this matter will be remanded for the ALJ to make that determination.

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 12), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 15), is DENIED;

3. This matter is REMANDED to the Commissioner for further proceedings consistent with this opinion; and

4. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

DATED: July 18, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE